# Third District Court of Appeal

## State of Florida

Opinion filed August 16, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-1238
Lower Tribunal No. 20-27623
_____

**Gary Pastorella, et al.,**
Petitioners,

vs.

**David Singer,**
Respondent.

On Petition for Writ of Certiorari from the Circuit Court for Miami-Dade County, Reemberto Diaz, Judge.

Kuehne Davis Law, P.A., and Benedict P. Kuehne, Michael T. Davis and Johan Dos Santos, for petitioners.

Michael A. Pizzi, Jr., P.A., and Michael A. Pizzi, Jr., for respondent.

Before EMAS, GORDO and BOKOR, JJ.

EMAS, J.

Petitioners seek certiorari review of a nonfinal order denying their motion to dismiss pursuant to Florida's Anti-SLAPP statute, section 768.295(4), Fla. Stat. (2022). Upon consideration, we dismiss the petition for lack of jurisdiction, based upon our earlier decision in <u>Vericker v. Powell</u>, 343 So. 3d 1278 (Fla. 3d DCA 2022)[1] (dismissing petition for lack of jurisdiction, holding that a nonfinal order denying a motion for summary judgment premised on Florida's Anti-SLAPP statute is not subject to review as a nonfinal order under Florida Rule of Appellate Procedure 9.130 or by certiorari).[2] <u>See also</u> <u>Geddes v. Jupiter Island Compound, LLC</u>, 341 So. 3d 353 (Fla. 4th DCA 2022); <u>WPB Residents for Integrity in Gov't, Inc. v. Materio</u>, 284 So. 3d 555 (Fla. 4th DCA 2019).

---

[1] The Florida Supreme Court granted review. <u>See</u> <u>Vericker v. Powell</u>, Case No. SC22-1042.

[2] In <u>Vericker</u>, we also referred to the Florida Bar's Appellate Rules Committee "the issue of whether rule 9.130's schedule of appealable non-final orders should be amended to include orders that determine motions premised upon Florida's Anti-SLAPP statute." <u>Vericker</u>, 343 So. 3d at 1281. The Committee filed a petition with the Florida Supreme Court, proposing an amendment to rule 9.130 to authorize district courts of appeal to review nonfinal orders that "deny a motion under section 768.295(4), Florida Statutes." <u>See</u> <u>In Re: Amendments to Florida Rule of Appellate Procedure 9.130</u>, Case No. SC22-1084. The Florida Supreme Court stayed proceedings in <u>Vericker</u> pending disposition of the petition in SC22-1084. On April 28 2023, following consideration of the Committee's report, the comments filed, the Committee's responses to comments, and having had the benefit of oral argument, the Court declined to adopt the proposed amendment to rule 9.130 and lifted its stay in <u>Vericker</u>, which remains pending in the Florida Supreme Court.

And, as we did in <u>Vericker</u>, we certify conflict with <u>Gundel v. AV Homes, Inc.</u>, 264 So. 3d 304 (Fla. 2d DCA 2019); <u>Baird v. Mason Classical Acad., Inc.</u>, 317 So. 3d 264 (Fla. 2d DCA 2021); and <u>Davis v. Mishiyev</u>, 339 So. 3d 449 (Fla. 2d DCA 2022).

Petition dismissed; conflict certified.